UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON


ROBIN BROWN,

         Plaintiff,


v.                                        Civil Action No. 2:11-00246


ENCOMPASS INDEMNITY COMPANY,
a non-resident corporation,

         Defendant.



MEMORANDUM OPINION AND ORDER


        Pending are defendant Encompass Indemnity Company's
("Encompass") motion for summary judgment filed December 23, 2011,
and plaintiff Robin Brown's motion to extend the deadline for
responding to Encompass' motion ("motion to extend"), filed
January 10, 2012.

        Finding good cause, and there being no opposition
thereto, it is ORDERED that the motion to extend be, and it hereby
is, granted.  Ms. Brown's response to Encompass' motion, which was
filed January 20, 2012, is deemed timely.

I.

Ms. Brown is a West Virginia citizen.  Encompass is headquartered in Illinois.  Ms. Brown's residence located at 570 Edmond Road in Lookout, West Virginia, was insured by Encompass at all material times under Policy US240231 081 ("the policy").  The policy protected her from fire loss on the residence with limits of $241,800 on the dwelling and $169,260 for tangible personal property.

On May 7, 2010, the residence was heavily damaged by fire.  Ms. Brown filed a claim under the policy.  Encompass deemed the request to be fraudulent and denied coverage.  It notes the opinion of the State Fire Marshal that the blaze was incendiary in origin.

On December 16, 2010, Encompass sent Ms. Brown the following coverage denial letter:

> The investigation of your claim by Encompass discloses that you have provided materially false information regarding your claim entitlement, and have engaged in fraudulent conduct in connection with the presentation of your claim. Further, the investigation discloses that you have concealed and/or have misrepresented material facts and/or circumstances regarding the subject loss, and your claim for recovery under the Encompass Policy.
>
> Based upon the terms and conditions of the Encompass Policy, therefore, Encompass must regrettably deny your claim for benefits under the Policy, as the same are

excluded from coverage pursuant to the terms and
conditions of the Policy as outlined above.

(Exh. F, Def.'s Mot. Summ. J.).  Encompass thereafter paid the

Bank of Mount Hope ("Bank"), the lienholder on the residence, its

$129,070.62 mortgage balance.  Encompass then took assignment of

the Bank's interest in the residence, all it asserts in compliance

with the policy and state law.

On March 14, 2011, Ms. Brown instituted this action in

the Circuit Court of Kanawha County.  Her four-count complaint

alleges (1) breach of the policy, (2) libel per se, and (3) two

separate violations of the West Virginia Unfair Trade Practices

Act ("WVUTPA"), West Virginia Code § 33-11-4.

On April 13, 2011, Encompass removed.  It now seeks

summary judgment.  It summarizes the fruits of its investigation

and the discovery it has taken in the case:

In investigating the fire, Encompass learned of Ms.
Brown's financial motive to make exaggerated insurance
claims. Discovery in this action has confirmed that motive
and supports Encompass's decision to deny her Policy claim.
She filed for bankruptcy in 2008 to avoid the Bank's
foreclosure; she had total income of $22,600, not enough for
her $2,200 monthly expenses. Her postbankruptcy income was
$23,200 in 2009 and $23,800 in 2010; she received Bank
delinquency notices before the fire.

In 2008, Ms. Brown had bedroom furniture valued at $500
and total tangible personal property of $3,850. . . . Ms.
Brown had, and still has, a $323 monthly car payment and a
student loan payment. At the time of the fire, she could not

3

afford her house payment; her expenses have not changed much since the fire.

To support her $169,260 personal property claim in this action, Ms. Brown produced a list of tangible personal property allegedly lost in the fire. Her inventory listed bedroom furniture with over-$20,000 replacement cost -- for example, a king size Serta mattress at replacement cost of $3,499.95, but she admits that her records would not show her payment of $20,000 for bedroom furniture. She recalls buying the mattress in 2004, but not where she bought it or its cost, and "I don't know[]" whether it was a Serta brand mattress. A rocking chair was a gift. She does not know when she got "family pieces." She does not recall when or where she bought, or the cost of, a recliner (replacement cost $1,050), end tables ($774), rolling deck chair ($248), oak computer desk ($3,000), coat tree ($266), or 40-inch Toshiba TV ($2,000).

(Def.'s Memo. in Supp. at 4-5 (citations omitted)).

Ms. Brown's response memorandum states, in pertinent

part, as follows:

The Defendant's insistence that Ms. Brown caused her home to be destroyed by fire is based upon conjecture, rumor, and speculation, but lacks even a scintilla of actual evidence that she burned her home or caused it to be burned. Defendants rely upon what they perceive as Plaintiff's "motive" to burn her home in order to cash in on her policy, essentially claiming that she was suffering financial difficulty. However, at her deposition, Ms. Brown's testimony made clear that she was often helped financially by others, including her parents. Furthermore, Ms. Brown was at all times relevant, and continues to be, employed full time with the Fayette County Assessor's Office. In addition, she received a cash settlement in a dispute with Mount Hope Bank totaling $24,000. Though Ms. Brown struggled as many single parents do to make ends meet, she was not in so desperate a situation as to turn to arson as a means of income. Most importantly, the mortgage payment on her home was virtually current as of the time of the fire.

4

. . . .

Defendants conclude that summary judgment is proper because they believe Ms. Brown committed arson, which would bar payout under the terms of her policy. While it is conceded that her policy would, in fact, deny coverage if the fire loss was caused by her intentional act, there exists no evidence of any such intentional act. The State Fire Marshall felt the fire was incendiary in nature; however, the local fire chief felt it might have been electrical. Notwithstanding, there is no evidence offered by defendant that Ms. Brown had anything to do with the burning of her claim [sic].

(Pl.'s Resp. at 2-3).

Defendant asserts summary judgment is appropriate based upon (1) its conclusion that Ms. Brown intentionally set or caused to be set the fire that damaged the residence, (2) the lack of evidence that Encompass published a defamatory statement respecting Ms. Brown, (3) the lack of evidence respecting either a WVUTPA violation or a general business practice of such violations, and (4) the fact that the evidence in the case would not support an award of punitive damages.

II.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

5

fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those necessary to establish the elements of a party's cause of action.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. <u>Id.</u>  The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial.  Fed. R. Civ. P. 56(c); <u>id.</u> at 322-23.  A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party.  <u>Anderson</u>, 477 U.S. at 248.  Even if there is no dispute as to the evidentiary facts,

summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The central question in this dispute, which touches each argument offered by Encompass and every response tendered by Ms. Brown, reduces to whether Ms. Brown caused or procured the fire that damaged her home.  At bottom, Encompass asserts that Ms. Brown is responsible for the fire; Ms. Brown denies the allegation.  This evidentiary parting of ways gives rise to a rather clear cut genuine issue of material fact.

The court, accordingly, ORDERS that Encompass' motion for summary judgment be, and it hereby is, denied.

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented parties.

DATED:   February 7, 2012

John T. Copenhaver, Jr.
United States District Judge