```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**ROBIN BROWN,**

       **Plaintiff,**

**v.**                                                  **Civil Action No. 2:11-00246**

**ENCOMPASS INDEMNITY COMPANY,**
**a non-resident corporation,**

       **Defendant.**

<u>MEMORANDUM OPINION AND ORDER</u>

**Pending are (1) Encompass Indemnity Company's ("Encompass") motion to reconsider the February 7, 2012, memorandum opinion and order, filed February 14, 2012, and (2) plaintiff Robin Brown's motion in limine to exclude evidence of the causation of the fire which destroyed her home, filed March 5, 2012.**

I.

**Robin Brown is a West Virginia citizen. Encompass is headquartered in Illinois. Ms. Brown's residence located at 570 Edmond Road in Lookout, West Virginia, was insured by Encompass at all material times under Policy US240231081 ("the policy").**

The policy protected her from fire loss on the residence with limits of $241,800 on the dwelling and $169,260 for tangible personal property.

On May 7, 2010, the residence was heavily damaged by fire. Ms. Brown filed a claim under the policy. Encompass deemed the request to be fraudulent and denied coverage. It noted the opinion of the State Fire Marshal that the blaze was incendiary in origin.

On December 16, 2010, Encompass sent Ms. Brown the following coverage denial letter:

> The investigation of your claim by Encompass has disclosed that the fire loss at your property was incendiary. <u>That is, the investigation discloses that the fire was intentionally set, with the intent to cause the loss of and/or damage to your residence. As noted above, the Encompass Policy excludes coverage for any loss which is expected or intended by, or is completed at the direction of one or more covered persons</u>.
>
> In addition, the Encompass Policy excludes coverage where a covered person, before or after a loss, has concealed or misrepresented material facts or circumstances, engaged in fraudulent conduct, or made false statements relating to Encompass' insurance whether as to eligibility or claim entitlement.
>
> The investigation of your claim by Encompass discloses that you have provided materially false information regarding your claim entitlement, and have engaged in fraudulent conduct in connection with the presentation of your claim. Further, the investigation discloses that you have concealed and/or have misrepresented

> material facts and/or circumstances regarding the
> subject loss, and your claim for recovery under the
> Encompass Policy.
>
> Based upon the terms and conditions of the Encompass
> Policy, therefore, Encompass must regrettably deny your
> claim for benefits under the Policy, as the same are
> excluded from coverage pursuant to the terms and
> conditions of the Policy as outlined above.

(Exh. F, Def.'s Mot. Summ. J. (emphasis added)).

On March 14, 2011, Ms. Brown instituted this action in the Circuit Court of Kanawha County. Her four-count complaint alleges (1) breach of the policy, (2) libel *per se*, and (3) two separate violations of the West Virginia Unfair Trade Practices Act ("WVUTPA"), West Virginia Code section 33-11-4.

On April 13, 2011, Encompass removed. Its counterclaim filed April 13, 2011, states as follows: "Based upon its investigation of the Plaintiff and the Counterclaim Defendant's claim, Encompass concluded that the fire loss at the insured premises was incendiary in nature and had been intentionally set." (Counterclm. at ¶ 6). The counterclaim quoted language from the policy, including the following exclusions, with the textual alterations in the original:

> **LOSSES WE DO NOT COVER**
>
> We do not insure for loss caused directly or indirectly
> by any of the following. Such loss is excluded
> regardless of any other cause or event contributing
> concurrently or in any sequence to the loss. These

3

>	exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
>	1.	Real Property and Tangible Personal Property. We do not insure for loss:
>
>	* * *
>
>	1.d  Involving . . . <u>intentional acts or omissions of or at the direction of one or more covered persons</u>, if the loss that occurs:
>
>	>	(1) May reasonably be expected to result from such acts; or
>	>
>	>	(2) Is the intended result of such acts.
>
>	* * *
>
>	1.h  Resulting . . . <u>from criminal acts or omissions of or at the direction of one or more covered persons</u>. This exclusion applies even if:
>
>	>	(1) Such covered person lacks the mental capacity to govern his or her conduct;
>	>
>	>	(2) <u>Such covered person is not actually charged with or convicted of a crime</u>.

(Counterclm. at 11 (emphasis added)). Encompass also specifically alleged that the policy "excludes coverage for any loss caused by the intentional or criminal acts of any insured person." (Counterclm. at 16) .

4

The same theory of the case is evidenced by Encompass' December 27, 2011, memorandum in support of summary judgment. First, it quotes the language of the coverage denial letter set forth supra. Second, one finds the filing replete with allegations of Ms. Brown's alleged misconduct and the legal consequences that should follow in this action. (See, e.g., Def.'s Mem. in Supp. at 8 ("In this case, the Policy excludes coverage for loss '[i]nvolving intentional acts or omissions of or at the direction of one or mare covered persons . .'"); id. at 9 ("discovery in this action has established that Ms. Brown had a motive to set the fire and destroy the Insured Premises by conspiring with another"); id. ("Based on its investigation and the evidence, Encompass concluded that Ms. Brown intended the fire's consequences, the loss of her home and damage to the garage; misrepresented the fire's circumstances to Encompass; and falsely and fraudulently stated that the fire was accidental and totally destroyed her real property. Concluding that the Policy barred coverage for her real property claims, Encompass denied those claims."); id. at 10 ("Ms. Brown made a claim for home contents with alleged replacement cost of $169,260, the Policy limit. The Policy bars coverage for a loss involving intentional acts or omissions by or at the direction of an insured . . . ."); id. ("Here, the evidence and Encompass's

5

investigation indicated that the fire was intentionally set and that Ms. Brown had a financial motive to destroy her home contents and make a total loss claim for the Policy limit."); id. ("In addition, discovery in this action has established that Ms. Brown had a motive to set the fire and destroy the Insured Premises by conspiring with another."); id. at 11 ("The undisputed evidence shows that Ms. Brown misrepresented the fire's circumstances and falsely and fraudulently claimed loss of an extensive list of home contents.  Encompass is entitled to summary judgment as a matter of law and dismissal of the personal property breach of contract claim, with prejudice."); id. at 14 ("The denial letter upon which Plaintiff bases her claim sets out <u>applicable terms</u> of the policy and clearly states the reason <u>why the claim was denied</u>.") (emphasis added); id. at 16 ("As set forth above, Encompass' denial of this claim was neither fraudulent nor deceptive, but based upon the facts developed during its investigation <u>and the findings of the State Fire Marshal</u>." (emphasis added); id. at 19 ("CONCLUSION" paragraph stating, in part, as follows: "On the undisputed material facts, the policy could not cover her insurance claims . . . .").

Ms. Brown's lawyer apparently understood the alleged arson to have been a central component of Encompass' request for

6

judgment as a matter of law.  The very first sentence of her summary judgment response is clear on the point:

> The Defendant's insistence that Ms. Brown caused her home to be destroyed by fire is based upon conjecture, rumor, and speculation, but lacks even a scintilla of actual evidence that she burned her home or caused it to be burned. Defendants rely upon what they perceive as Plaintiff's "motive" to burn her home in order to cash in on her policy, essentially claiming that she was suffering financial difficulty.

(Pl.'s Resp. at 2); see, e.g., also id. at 2-3 ("Though Ms. Brown struggled as many single parents do to make ends meet, she was not in so desperate a situation as to turn to arson as a means of income."); id. at 3 ("Defendants conclude that summary judgment is proper because they believe Ms. Brown committed arson, which would bar payout under the terms of her policy.  While it is conceded that her policy would, in fact, deny coverage if the fire loss was caused by her intentional act, there exists no evidence of any such intentional act.").

      Had Ms. Brown in her response misperceived Encompass' theory of the case, Encompass would have been expected, in its reply to her response, to point out the error.  It did just the opposite. (See, e.g., Def.'s Reply at 2 ("It is undisputed that the Policy bars coverage for loss involving intentional acts or omissions by or at the direction of an insured . . . ."); id. at 3 ("Encompass concluded from the evidence that Ms. Brown

7

misrepresented the fire's circumstances to Encompass and falsely and fraudulently stated that the fire was accidental and totally destroyed her real and tangible personal property . . . . Case discovery has indicated that Ms. Brown conspired to have the fire set at her property.  While Ms. Brown asserts that 'she did no intentional act to cause the damage to her home[,]' . . . she submits no evidence to contradict the West Virginia State Fire Marshal's findings or Encompass' independent investigation, both of which indicated that the fire was intentionally set and that Ms. Brown had a motive to overstate her Policy claim."); id. at 5 ("The evidence clearly shows that one or more Policy exclusions barred coverage for her claim.").

Based, in part, on the aforementioned briefing excerpts, the February 7, 2012, memorandum opinion and order stated as follows:

> The central question in this dispute, which touches each argument offered by Encompass and every response tendered by Ms. Brown, reduces to whether Ms. Brown caused or procured the fire that damaged her home. At bottom, Encompass asserts that Ms. Brown is responsible for the fire; Ms. Brown denies the allegation. This evidentiary parting of ways gives rise to a rather clear cut genuine issue of material fact.

Brown v. Encompass Indemnity Co., No. 2:11-0246, slip op. at 7 (S.D. W. Va. Feb. 7, 2012) (emphasis added). Encompass' motion for summary judgment was consequently denied.

On February 14, 2012, Encompass moved the court to reconsider the February 7, 2012, memorandum opinion "[b]ecause the Order did not address Plaintiff's failure to make a prima facie case for her claims." (Mot. at 1; see also Def.'s Reply at 9 ("The SJ Motion showed the Court that no evidence supports Ms. Brown's case, and she presented no evidence to defeat the SJ Motion.")).[1]

In particular, Encompass asserts that "the Order's designation of the first ground for the SJ Motion as '(1) [Encompass's] conclusion that Ms. Brown intentionally set or caused to be set the fire that damaged the residence,' evinces a misapprehension of the claim denial letter, the SJ Motion, and the SJ Memo." (Def.'s Memo. in Supp. of Reconsid. at 5). Encompass, somewhat inexplicably, also asserts as follows:

> Encompass did not deny coverage based upon any determination that Ms. Brown caused her home to be destroyed by fire, although evidence developed through discovery supports this conclusion. Rather, it is

---

[1] Encompass makes its request pursuant to Federal Rule of Civil Procedure 60(b). The rule does not govern under these circumstances. See, e.g., Bragg v. Robertson, 183 F.R.D. 494, 495-96 (S.D. W. Va. 1998) ("[T]he Court retains power to amend interlocutory orders to achieve complete justice. 'An interlocutory order is subject to reconsideration at any time prior to entry of a final judgment.'") (quoting Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991).

>undisputed that Encompass denied coverage for the fire loss under the policy terms quoted in its denial letter, because its investigation showed, and Ms. Brown presented no evidence to dispute, that she provided materially false information regarding her claim, engaged in fraud in presenting it, and concealed and/or misrepresented material facts and/or circumstances as to the loss and her claim.

(Id. at 6).

Apparently perceiving an abrupt change in Encompass' theory of defense, Ms. Brown moved in limine on March 5, 2012, asserting that inasmuch as Encompass now claimed it did not deny coverage based upon any determination that she caused her home to be destroyed by fire, "there is no need to go into any evidence as to the causation of the fire and to allow Encompass to further defame the plaintiff." (Pl.'s Mot. in Lim. at 1; see also Pl.'s Resp. to Mot. to Reconsid. at 1-2 ("Plaintiff avers that the Court did not misapprehend, but rather the Defendants have simply sought to adopt an alternate theory of their case because it has become clear that no evidence exists to support their belief that Ms. Brown caused her home to be destroyed."). Ms. Brown requests the court now bar evidence related to the allegation that she caused or committed the blaze inasmuch as "such irrelevant evidence would only serve to prejudice the jury." (Id. at 2).

Despite the position taken in the motion to reconsider, Encompass asks that the motion in limine be denied. It asserts as follows:

> Encompass's investigation showed valid reasons for its denial of Plaintiff's policy claim, i.e., <u>that she gave materially false information, engaged in fraud, and concealed or misrepresented material facts and circumstances with respect to her claim</u>. See Exhs. to Defendant's Motion for Summary Judgment, dkt. 53; Memorandum Opinion and Order entered February 7, 2012, dkt. 60 (quoting part of the evidence). On Complaint Count One, breach of contract, <u>the jury must determine whether she in fact provided false information, engaged in fraud, or concealed or misrepresented fire facts. The jury needs the evidence of the two (2) fire investigations, Encompass's denial letter, and witnesses' testimony</u>. All such evidence is relevant and admissible. Fed. R. Evid. 401, 402.

(Def.'s Resp. to Mot. in Lim. at 2 (emphasis added); see also id. at 4 (stating in "CONCLUSION" paragraph as follows: "To determine Plaintiff's claims, the jury needs evidence of the fire, the fire investigations, Plaintiffs and other witnesses' testimony, and Encompass's reasoning.").

Encompass' motion to reconsider, in essence, seeks an amended memorandum opinion and order addressing their revised defense strategy, along with a detailed recitation of each genuine issue of material fact that remains as to all of Ms. Brown's claims. The court deems the requests to lack merit and reconsideration is unwarranted.

The court additionally concludes that Ms. Brown's motion in limine is premature.  The disposition of the motion awaits, <u>inter alia</u>, development at trial of the defense theory that will be pursued.

## II.

Based upon the foregoing discussion, it is ORDERED as follows:

1. That Encompass' motion to reconsider be, and it hereby is, denied; and

2. That Ms. Brown's motion in limine be, and it hereby is, denied without prejudice pending trial.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED:  March 23, 2012

_____
John T. Copenhaver, Jr.
United States District Judge