```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

ROBIN BROWN,

    Plaintiff,

v.                                    Civil Action No. 2:11-00246

ENCOMPASS INDEMNITY COMPANY,
a non-resident corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Encompass Indemnity Company's ("Encompass") motion in limine to exclude witnesses David Bennett and Lori Wiseman, any testimony or reference to fires in Fayette County, West Virginia, and any attempt to call as a witness Encompass' lead trial lawyer, filed March 28, 2012, and Ms. Brown's motion in limine to allow her claim for loss of quiet enjoyment of her property.

                              I.

A.   Encompass' Motion in Limine

During the pretrial conference, Ms. Brown's counsel agreed that it would be unnecessary to call Encompass' lead trial lawyer in the event that Michele Grossman, an Encompass claims

consultant, was present at trial and available to testify. Additionally, on March 27, 2012, Ms. Brown noticed her withdrawal of two witnesses, Lori Wiseman and David Bennett, whom she planned to tender respecting other fires in Fayette County. In Encompass' March 28, 2012, response to the notice of withdrawal, it is stated as follows:

> [T]he withdrawal of these two witnesses does not fully address the Defendant's Motion in Limine, which also excludes any testimony, reference to, or argument regarding fires in Fayette County, West Virginia, that are unrelated to Plaintiff's fire and her insurance claim. In that regard, therefore, Defendant's Motion in Limine has not been rendered moot by Plaintiff's withdrawal of Wiseman and Bennet as witnesses to testify in the present case.

(Resp. at 1-2). Ms. Brown has not replied within the time allowed under the Local Rules of Civil Procedure.

Inasmuch as Ms. Wiseman and Mr. Bennett appear to be the sole sources of proof respecting other fires in Fayette County, it is apparent that Ms. Brown will not undertake to offer evidence, and thus no argument, respecting the matter. It is, accordingly, ORDERED that the motion in limine be, and it hereby is, denied without prejudice as moot. In the event that Ms. Brown desires at trial to reassert, argue, or develop the subject of other fires in Fayette County, her counsel must first approach the bench and provide notice of that intention.

**B.    Ms. Brown's Motion in Limine**

Ms. Brown's four-count complaint alleges claims for (1) breach of her insurance contract with Encompass, (2) libel _per se_, and (3) two separate violations of the West Virginia Unfair Trade Practices Act ("WVUTPA"), West Virginia Code § 33-11-4. Respecting the contract claim, Ms. Brown claims entitlement to damages for loss of quiet enjoyment.  She particularizes the request as follows:

> Due to the breach of the contract and refusal to pay the claim, Ms. Brown has been left virtually homeless and has in fact _lost the use_ of her home for nearly two years now. Because Defendants knew, or should have reasonably anticipated, that their refusal to pay the claim would leave the Plaintiff without the ability to rebuild her home, they should be liable for this damage if Plaintiff prevails.

(Memo. in Supp. at 2 (emphasis added)).  While the parameters of the damage request remain unclear despite the above recitation, the court understands Ms. Brown to seek recovery for loss of use, one portion of which includes damages for annoyance and inconvenience.

In _McCormick v. Allstate Ins. Co._, 197 W. Va. 415, 475 S.E.2d 507 (1996), a case cited by neither party, the Supreme Court of Appeals of West Virginia addressed, in an insurance setting, the interplay between (1) claims for the simple breach

3

of an insurance contract, (2) claims under <u>Hayseeds, Inc. v. State Farm Fire & Casualty</u>, 177 W. Va. 323, 352 S.E.2d 73 (1986), and (3) claims under the WVUTPA. In comparing the first two types of claims, the supreme court of appeals observed as follows:

> Before analyzing an action under the authority of <u>Hayseeds</u>, the court notes that in an action by an insured against an insurer on an insurance policy covering damage to personal property, the plaintiff is entitled to recover the cost of repair or the value of the property immediately prior to the damage, whichever is less, to the extent of the policy. He is also entitled to recover expenses stemming from the injury <u>including compensation for loss of use. "Damages for annoyance and inconvenience may also be recovered when measuring damages for loss of use to the property," which is an element of loss of use</u>. Punitive damages are not normally recoverable in such claims. . . . <u>See also</u> <u>Jarrett v. E.L. Harper & Son, Inc.</u>, 160 W. Va. 399, 235 S.E.2d 362 (1977), a real property damages case. Further, since attorney fees are not recoverable by a party in the absence of provisions specifically permitting that recovery in a statute or court rule, attorney fees are not ordinarily recoverable in simple actions on a contract.
>
> Under the authority of <u>Hayseeds</u> and its progeny, if the insured suing an insurer on a personal property damage claim "substantially prevails", the insurer is liable, in addition to the damages for breach of the insurance contract, for plaintiff's reasonable attorney fees incurred in vindicating the claim, net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience.

<u>Id.</u> at 421-22, 475 S.E.2d at 513-14 (citations omitted) (emphasis added).

As noted, Ms. Brown pleads a simple breach of the insurance contract and not a Hayseeds claim. It seems apparent under McCormick that she is entitled to seek recovery for loss of the use of her home and, as a part thereof, annoyance and inconvenience damages, in the event that she proves her breach of contract claim.

The court, accordingly, ORDERS that the motion in limine be, and it hereby is, granted to the extent that Ms. Brown will be permitted at trial to seek recovery on her breach of contract claim for loss of use damages, including a sum for annoyance and inconvenience.

II.

Based upon the foregoing discussion, it is ORDERED as follows:

1. That Encompass' motion in limine be, and it hereby is, denied without prejudice as moot;

2. That Ms. Brown's motion in limine be, and it hereby is, granted to the extent that she will be permitted at trial to seek recovery on her breach of contract claim for loss of use damages, including a sum for annoyance and inconvenience.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

                                DATED: April 11, 2012

                                John T. Copenhaver, Jr.
                                United States District Judge